**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | § | |
| Plaintiff, | § | CIVIL NO. 4:24-cv-1149 |
| v. | § | |
| UMIDJON NEMATOV, | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), files this Complaint seeking an Emergency Court Order to permit involuntary feeding, hydration, and medical testing of Defendant Umidjon Nematov, an alien lawfully in detention at the Montgomery Processing Center. Mr. Nematov was classified as a hunger striker on March 5, 2024, and is now on day 23 of his hunger strike. His refusal to eat and drink has reached a point where serious bodily injury is likely.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1345 because the United States of America is the Plaintiff.

2. Courts have recognized that the United States has authority to prevent suicides by detainees and prisoners. *See Aamer v. Obama*, Nos. 13–5223, 13–5276, 13–5224, 13–5225, 2014 WL 519238 (D.C. Cir. Feb. 11, 2014) (acknowledging that absent exceptional circumstances prison officials may force-feed a starving inmate actually facing the risk of

death); *In re Soliman*, 134 F.Supp.2d 1238 (N.D. Ala. 2001) (noting that the Government's interests in the preservation of life and other factors have provided a basis for ordering forced feeding of an immigration detainee); *In re Sanchez*, 577 F.Supp. 7 (S.D.N.Y. 1983) (the Government was permitted to force-feed civil contemnor who had gone on hunger strike and was in immediate danger of suffering permanent bodily damage as a result); *United States v. Onyango*, No. 14-cv-0401-JAH-NLS, Docket No. 8 (S.D. Cal. Feb. 25, 2014) (granting temporary restraining order directing feeding, hydration, and medical testing as necessary to prevent injury, organ failure, or loss of life); *United States Department of Homeland Security v. Yaldiz*, No. 19-cv-1752-GPC-WVG, Docket No. 6 (S.D. Cal. Sept. 12, 2019) (granting temporary restraining order to allow involuntary hydration, medical examinations, and restraint if necessary); *United States Department of Homeland Security v. Singh*, No. 4:24-cv-0816, Docket No. 5 (S.D. Texas Mar. 6, 2024) (J. Hittner) (granting temporary restraining order to allow involuntary hydration and restraint if necessary).

**VENUE**

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim are occurring in this district, at the Montgomery Processing Center in Conroe, Texas.

**FACTS**

4. Defendant is an individual in ICE custody.

5. Defendant is a citizen and national of Uzbekistan. He had been detained under U.S. immigration laws at the River Correctional Center in Ferriday, Louisianna from August 19, 2023, until his recent transfer to, and detention, at the Montgomery Processing Center on March 27, 2024, to receive additional medical care. He is currently detained there.

6. Defendant has been on a self-imposed hunger strike and, as of March 27, 2024, had missed 77 consecutive meals. Defendant has had periods during which he has consumed water but has not consumed any food or nutritional supplements since he initiated his hunger strike.

7. Defendant's treating physician at the Montgomery Processing Center is of the opinion that involuntary hydration and feedings are necessary now to prevent further deterioration and serious medical complications. Continued fasting will result in permanent damage to his internal organs and has the potential to become life threatening. Metabolic imbalance, if left untreated, will cause fatal arrhythmia and/or cardiac arrest.

8. If Defendant's medical condition worsens, Plaintiff will need to seek additional emergency relief from this Court.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays:

a. That the Court issue an Order directing the United States, through competent medical providers employed by or contracted with the Public Health Service, ICE Health Service Corps, or at private medical facilities to: (1) involuntarily feed, hydrate and/or provide nutrition to Defendant; (2) perform physical evaluations on Defendant, take his vital signs, and perform laboratory testing; and (3) restrain Defendant, if necessary, to accomplish these procedures.

b. That the Court set this matter for hearing as soon as practicable so that it can determine the rights of Defendant; and

c. For other relief as the Court deems appropriate.

Dated: March 28, 2024

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

*s/ Jimmy A. Rodriguez*
JIMMY A. RODRIGUEZ
Attorney in Charge
Assistant United States Attorney
Texas Bar No. 24037378
Federal ID No. 572175
ARIEL WILEY
Assistant United States Attorney
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9532
Fax: (713) 718-3303
Jimmy.Rodriguez2@usdoj.gov
Lisa.luz.Parker@usdoj.gov

Attorneys for Defendants